DECISION
Plaintiff appeals the Lane County Board of Property Tax Appeals Order, dated March 18, 2010, reducing the real market value of Defendants' property identified as Account 1728201 (subject property) for tax year 2009-10. A telephone trial was held by Magistrate Jeffrey Mattson on September 28, 2010. Bryce Krehbiel (Krehbiel), Registered Appraiser, and Tara Smith (Smith), Registered Appraiser, appeared and testified on behalf of Plaintiff. David E. Carmichael, Attorney at Law, appeared on behalf of Defendants. Ken Broughton (Broughton), Certified Residential Appraiser and SRA, testified on behalf of Defendants.
Plaintiff's Exhibits 1 through 8 and Defendants' Exhibits A and B were admitted without objection.
 I. STATEMENT OF FACTS
The subject property is a two story 7,786 square foot residence with 4 bedrooms, 5 full bathrooms, and 2 half bathrooms located on 10.45 acres.[1] (Ptf's Ex 5 at 3.) The parties agree that the subject property is new and Defendants conclude that, as of the assessment date, the subject property's improvement was 90 percent complete. (Defs' Ex A at 6.) *Page 2 
Plaintiff alleges that subject property's 2009-10 real market value is $2,118,626. (Ptf's Compl at 3.) In support of its request, Smith testified that she inspected the subject property on July 13, 2010. She testified that the purpose of the inspection was to review the various limitations and "substandard work" listed by Defendants in a letter to their representative. (Ptf's Ex 4; Defs' Ex B.) Smith testified that, even though she observed some "uncompleted items," she continues to believe that the subject property is a "class 7." Broughton testified that in his opinion the subject property is "less than class 7," concluding that the subject property is a "class 6 or class 6 minus." He explained that "there is a lack of quality construction," specifically mentioning the "cabinets" and the inadequacy of the heat pump to heat and cool the second story. Broughton's appraisal report stated:
 "At the time of inspections a few defects were noticed. The drainage system on the NE corner of the rear fence was still in poor condition. There is a separation of the floor and wall on the balcony off the master bedroom. Also noticed from the inspection that three of the 5 ½ bathrooms have fiberglass waincoating. Only one drawer in the kitchen is a pull out, there are no other pull out drawers throughout the home. A large portion of the up stairs recreation rooms and trampoline area have a wall heating and cooling system that is separate from the dwellings main heat pump systems. All the cabintry (sic) throughout are painted. All these items do not indicated (sic) that this is a class 7 home."
(Defs' Ex A at 6.)
Smith testified that she did not "make an appraisal report." Krehbiel testified that, given the type of property (a custom home), there is limited market data to review. Broughton testified that, in making his appraisal, he selected five properties as comparable to the subject property. (Defs' Ex A at 2, 5.) He concluded that comparable sale 1 is "the best." Broughton testified that comparable "sale 1 is located in the same subdivision as the subject [property]." (Id. at 2.) He testified that it "has creek frontage, * * * is smaller in room count and size, [and] * * * is superior in car storage and physical amenities." He further testified sale 1 "is a class 7 home and was on the market for 245 days." (Id.) Broughton's adjusted sales price for comparable *Page 3 
sale 1 was $1,434,720. (Id.) Plaintiff computed a price per square foot for Defendants' comparable sale 1 of $142. (Ptf's Ex 5 at 5.) Using the computed $142 per square foot, Plaintiff determined that the real market value of the subject property was $1,575,018. (Id. at 3.)
Relying on the adjusted sale prices of five comparable properties, Broughton determined that as of the assessment date the subject property's real market value was $1,600,000. (Defs' Ex A at 2.) The Lane County Board of Property Appeals Order stated that the subject property's 2009-10 real market value was $1,572,020.
 II. ANALYSIS
The issue before the court is the 2009-10 real market value of Defendants' property. "Real market value is the standard used throughout the ad valorem statutes except for special assessments."Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620, at *2 (Mar 26, 2003) (citing Gangle v. Dept. ofRev., 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1), [2] which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
There are three approaches of valuation (cost, income, and comparable sales) that must be considered in determining the real market value of a property even if one of the approaches is found to not be applicable. See ORS 308.205(2) and OAR 150-308.205-(A)(2).
In a case such as the one before the court, the comparable sales approach "may be used to value improved properties, vacant land, or land being considered as though vacant." Chambers Management Corpand McKenzie River Motors v. Lane County Assessor, TC-MD No 060354D *Page 4 
at 6 (Apr 3, 2007), citing Appraisal Institute, The Appraisal ofReal Estate 335 (12th ed 2001). ORS 308.205(2) provides in pertinent part that "[r]eal market value in all cases shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue * * *." The Department of Revenue adopted OAR 150-308.205-(A)(2)(c), stating that:
 "In utilizing the sales comparison approach only actual market transactions of property comparable to the subject, or adjusted to be comparable, will be used. All transactions utilized in the sales comparison approach must be verified to ensure they reflect arms-length market transactions."
Krehbiel and Smith submitted a modified market approach, computing a price per square foot and relying on the sale price of one comparable property. Broughton submitted an appraisal report using the comparable sales or market approach.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief." ORS 305.427 (2009) (emphasis added). Plaintiff must establish its claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971).)
Plaintiff failed to carry the burden of proof. Plaintiff's modified market approach (price per square foot) supports a real market value comparable to that determined by Defendants' appraiser who used the comparable sales approach and the real market value determined by the Lane County Board of Property Tax Appeals.
Defendants raised the issue of the percent complete of the subject property's improvements as of the assessment date. The Lane County Board of Property Tax Appeals concluded that there was not "much evidence of unfinished constr[uction]." (Ptf's Ex 5 at 6.) No evidence was presented to the court to support Defendants' statement that their home was 90 *Page 5 
percent complete as of the assessment date. Defendants did not testify. Because there was no evidence for the court to consider, the court concludes that, as of the assessment date, the subject property's improvement was 100 percent complete as determined by the Lane County Board of Property Tax Appeals.
 III. CONCLUSION
After careful review of the evidence, the court concludes that Plaintiff fails to carry its burden of proof. There was no evidence supporting Plaintiff's requested real market value. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of ___ 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on February 28, 2011. The Court filed and entered thisdocument on February 28, 2011.
[1] Broughton's appraisal report states that the land is 10.56 acres. (Defs' Ex A at 2.)
[2] References to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to year 2007, unless otherwise stated. *Page 1